HARDY, Judge.
This is an action by plaintiff for the recovery of workmen’s compensation as for permanent and total disability, and she has appealed from judgment rejecting her demands.
Plaintiff was employed as a nurses’ aid by the defendant hospital, and alleged that she had sustained an injury while engaged in the regular course of the performance of her duties on May 17, 1963. Plaintiff alleged and testified that the accident occurred when she was assisting in lifting a patient, in the strain of which action she sustained an inguinal hernia.
The only issue before the court is whether plaintiff has sustained the burden of proof in establishing the occurrence of the accident and the resultant injury at the time and under the circumstances asserted.
We are in complete accord with the contentions made by learned counsel for plaintiff that technical rules of evidence and procedure are liberally construed in compensation cases, and that a claim may be established by the testimony of the claimant alone when supported by corroborating circumstances. The question is whether plaintiff’s version of the occurrence of the accident preponderates to a degree which will support a judgment in *541 her favor. In the determination of this point the testimony has been carefully examined and considered. Although plaintiff testified that she was aware of a stinging sensation in her side while engaged in the act of assisting and lifting one of the hospital patients, it is pertinent to observe that she did not consult a physician until six days later; during the interim she continued her regular work; she made no report of any accident; she did not advise her treating physician of the occurrence of an accident until June 28th. The physician testified that he first examined plaintiff on May 23rd and found tenderness in the left lower quadrant over the colonic area and discovered the presence of an inguinal hernia. The doctor did not attribute plaintiff’s pain and discomfort to the presence of the hernia but rather to an affection of the colon, later diagnosed as diverticulitis, which had no relation to plaintiff’s claim for compensation. Although plaintiff testified that three other employees of the hospital and the patient were present at the time of the occurrence of the accident, she did not tender any of these parties as witnesses. Two of these parties, one of whom was the head nurse of the hospital floor on which plaintiff performed her services and the other, one of plaintiff’s fellow workers, testified on behalf of defendant. The gist of the testimony of these witnesses was that plaintiff made no mention of the occurrence of an accident and she had complained of pain and discomfort in her side long prior to the date of the alleged accident. In rebuttal plaintiff offered the testimony of another physician, who had made a physical examination of plaintiff some four months prior to the asserted date of the accident. The report of this examination and the testimony of the doctor were to the effect that plaintiff was not suffering from a hernia at the date of the examination. However, it is obvious that this is negative testimony which has little, if any, persuasive effect.
In his written reasons for judgment the district judge concluded that plamtifrs testimony was not credible, was impliedly contradicted by the testimony of her treating physician, and that plaintiff had failed to establish even a probability of injury resulting from the accident which was relied upon as the basis of her claim. After our examination of the record we are in complete accord with these conclusions.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.