LeSUEUR, Judge.
Plaintiff appeals a judgment dismissing his claim for Workmen’s Compensation benefits.
Plaintiff claims to have sustained a back injury on Friday, May 29, 1964, at defendant’s plant but since the work shift was changing he did not report his injury to any of his supervisors or report to the First Aid station. Plaintiff had a medical history of back problems and regarded this injury as a reoccurrence of a previous injury he had sustained at defendant’s plant. He went home and attempted to treat his injury but he claimed that the pain forced him to seek medical attention at the Veterans Administration Hospital. He claims that he sought the assistance of the company doctor on Monday, June 1, and of Dr. Gregoratti on June 2nd. Dr. Gregoratti had X-rays made and also referred plaintiff to a neurological expert, neither of which disclosed any positive medical symptoms, although Dr. Gregoratti did find some symptoms of muscle spasm and continued supportive care until July 24, 1964. Plaintiff has not returned to work at defendant’s plant since the alleged accident.
The trial judge gave excellent written reasons which this court adopts in part.
The trial judge held:
“REASONS FOR JUDGMENT”
“Plaintiff sues for total and permanent disability benefits under the Workmen’s Compensation Act. The parties agree that plaintiff was employed in a hazardous occupation on the date of the alleged accident and his earnings would warrant the maximum weekly benefit.
“The issues presented are two-fold: (1) the occurrence of an accident, and (2) the extent of plaintiff’s disability, if any, proximately resulting therefrom.
“While a plaintiff in a suit of this nature is favored by a liberal construction of the law and evidence, he is not relieved of the burden of proof required to establish both the occurrence of an accident and the resultant disability.
“In the instant case, plaintiff has failed to prove this essential prerequisite to recovery on his part. The testimony concerning an accident by the plaintiff is uncorroborated and unsupported by any additional evidence. This is more persuasive in view of plaintiff’s long tenure with the defendant employer, and his familiarity with the procedures for reporting such an accident and receiving treatment.
“Plaintiff worked with a crew of four co-workers but failed to mention his ‘accident’ to any of them, or to his crew chief or foreman. Further, plaintiff failed to complain of an accident to either, the company nurse or doctor, whom he saw 3 days subsequent to the alleged accident.
“While an examination by Dr. Grego-ratti, his personal physician, on June 2, *649 1964 and June 8, 1964 indicated some muscle spasm, in the lumbar area, in view of plaintiffs medical history of back problems, it would be most presumptuous to conclude that these symptoms resulted from an industrial accident in the absence of some proof of the accident. Examination and treatment by Dr. Logan, Dr. Gregoratti and Dr. Calicchia on June 22, 1964 revealed no objective orthopedic or neurological basis for plaintiff’s complaints, and he was discharged on July 24, 1964 by his physician, Dr. Gregoratti, with no positive findings.
“The law is quite clear that a plaintiff in a compensation case must establish his claim to a legal certainty and by a reasonable preponderance of the evidence. The only evidence supporting plaintiff’s claim here is his own testimony, and the medical evidence submitted does not sustain his position.”
Plaintiff claims that he only has to prove his case by a preponderance of evidence and that his testimony alone may be sufficient to prove an accident, if there is nothing to discredit him and his statements are supported by surrounding circumstances.
Although this is a valid principle of law and plaintiff’s testimony was not discredited, there are no surrounding circumstances that support it. He claims that his brother drove him to the V. A. Hospital the night of the alleged accident and he was treated, yet there is no evidence from the brother or the hospital to support this. He claims that he was injured on the job Friday, May 29, 1964, yet no one saw the injury occur and he did not mention it to anyone nor report it to his supervisors. He told the nurse that his visit to the company doctor at the defendant’s plant on June 1 was for personal reasons and not for a job-connected injury. Plaintiff did seek medical attention following his alleged injury but the doctors were unable to find any objective symptoms. Plaintiff has not proven either the alleged accident or the alleged resulting injury.
Plaintiff has not presented any evidence to substantiate his claim that he could no longer work at the job of laborer, or that he had been unable to secure that type of employment as a result of his injury. Thus he has failed to bear this burden of proof also.
This court affirms the judgment of the district court dismissing plaintiff’s petition for total and permanent disability benefits under the Workmen’s Compensation Act for failure to prove that there was an accident resulting in the injury claimed and what disability he has sustained.
Affirmed.