TATE, Judge.
The plaintiff Landry sues for workmen’s compensation benefits. He appeals from judgment dismissing his suit against his employer’s insurer.
In a detailed analysis of the testimony, the trial court held that Landry had not proved a disabling accident in the course of his employment. Landry’s appeal principally questions this ruling.
The evidence pertinently shows:
Landry claims he suffered a back injury on Wednesday, August 14th. He admits he did not report the accident to his employer that day, nor on the next day (Thursday), on each of which he worked a full day. He further admits that he did not report any accidental injury when he reported to a private physician on Friday for an upset stomach condition.
Landry’s claim of accidental injury was apparently first made to a physician on the Monday next, when he returned to his Loreauville home from the New Orleans work-area. This doctor did indeed find some corroboration, by way of muscle spasm, to the subjective complaints of back injury. (On the other hand, an orthopedist to whom Landry was first referred did not find any such objective corroboration of the injury.)
Ultimately, the trial court discounted the plaintiff’s claim of accident, and the alleged corroboration by a co-worker, his room-mate and lifelong friend, because of inconsistencies and apparent falsities in their testimony, as well as because of the plaintiff’s ambiguous conduct in failing to report the injury until several days after he had ceased working for his employer.
The question is close. We recognize that the testimony of the claimant alone may prove the disabling accident, Delafosse v. Industrial Painters, Inc., La. App.3d Cir., 199 So.2d 559, and that an employee with a continued diability relating back to an initial accident is not required to exclude other causes, Jagneaux v. American Universal Ins. Co., La.App. 3d Cir., 231 So.2d 601 (Feb. 10, 1970). Nevertheless, the employee must establish an accident by a preponderance of the evidence, i. e., by evidence which as a whole shows it to be more probable than not that an accident at work occurred. See Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276; Hall v. State Through Dept. of Highways, La.App.3d Cir., 213 So.2d 169.
*626 In this instance of appellate review, the ultimate question is whether the trial court committed manifest error in its rejection of the claimant’s and his friend’s testimony of an accident at work. In view of the contradictions between the plaintiff’s testimony and other evidence, his unexplained delay in reporting the accident, and especially in view of the great weight to be attached to the trial court’s evaluations of the credibility of witnesses, we are unable to find such reversible error in the present record.
We therefore affirm the trial court’s dismissal of the plaintiff’s suit. The costs of the appeal are to be paid by the plaintiff-appellant.
Affirmed.