MILLER, Judge.
Defendant employer and its insurer Argonaut Southwest Insurance Company appeal the trial court judgment awarding plaintiff Willard J. Matte total and permanent workmen’s compensation benefits. We affirm.
Defendants concede that Matte is totally and permanently disabled, but contend that his credibility was destroyed and he therefore failed to prove a job-related accident.
This thirty year old plaintiff had been employed as a roughneck by Power Rig for two months. He took a pre-employment physical and denied prior back injuries. He had worked regularly for several different employers and had never been disabled or suffered a’lost time accident. His pay with Power Rig was substantially more than his past earnings. He had suffered backaches before and had sought treatment from chiropractors, but had not missed work for any reason.
On June 10, 1970 while handling a fifty to hundred pound sack of chemicals, he slipped on a muddy board and twisted himself. He did not fall but felt a sharp knife-like pain in his back. There were no witnesses to this incident, but he told a fellow employee Robert Simon that he hurt his back on the job that day.[1] Plaintiff continued on the job by keeping ice in his hip pocket and this was observed by the entire crew. The toolpusher Ralph Black asked plaintiff about his back and plaintiff told him that he had hurt it on some other job.
Power Rig had a signout sheet which, if applicable, each employee signed each day certifying that he did not suffer an accident that day. Plaintiff did not sign on June 10 or 11, but a fellow employee signed for him. On the night of June 10, plaintiff described the accident to his wife. His pain caused him to spend the night horizontal on the floor. Plaintiff returned to the job on June 11, but was unable to get out of the car and spent the entire shift sitting in the car. He then went to the emergency room at Rayne Hospital. Since no physician was available he was.given pain relieving medication and told to return on June 12. He was hospitalized for an eleven day stay starting June 12 and was diagnosed as suffering a ruptured intervertebral disc.
Plaintiff explained that he told the tool-pusher that his back was injured on a prior job because this was his best job with the most pay, and he thought that Power Rig would discharge him if he sustained an accident on the job. Plaintiff’s claim for penalties and attorney fees was denied because of some of plaintiff’s statements and particularly his disavowal to the toolpusher that the accident occurred on Power Rig’s job. This ruling was not appealed.
Defendants appellants also attack plaintiff’s credibility on his statements to physicians denying prior back trouble when in fact he had been treated by chiropractors for backache. But plaintiff had not missed an hour’s work because of backache, and his prior condition was not remotely to be *21 compared with the pain or disability following the June 10 accident.
A careful reading of the entire record shows that the trial court was manifestly correct in determining that plaintiff sustained an accident in the course and scope of his employment on June 10, 1970. This plaintiff had never missed one hour of work for an employer because of an injury or because of back trouble. On the day of the accident, plaintiff reported the injury to one fellow employee and everyone in the crew saw that plaintiff worked the remainder of the day with ice in his hip pocket. He did not sign the “no injury” certificate that day. That night he described the accident to his wife and spent the night suffering great pain on the floor of his home. On June 11 plaintiff went to work but could not get out of the car and remained in the car for the entire shift. That night he reported to the hospital, but was unable to see a physician. On June 12, he saw his family physician and was hospitalized for a period of eleven days and diagnosed by two physicians as suffering a ruptured disc. The testimony was uniform that plaintiff was a good worker, performed hard manual labor daily and had never missed an hour of work.
The employee must establish an accident by a preponderance of the evidence, i. e. by evidence which as a whole shows it to be more probable than not that an accident occurred at work. In making this determination great weight is attached to the trial court’s evaluation of the credibility of witnesses. Landry v. Employers’ Liability Assurance Corp., Ltd., 233 So.2d 624, 626 (La.App. 3 Cir. 1970); see also Fontenot v. Liberty Mutual Ins. Co., 230 So.2d 402, 404 (La.App. 3 Cir. 1970).
The testimony of plaintiff alone may prove the disabling accident where there are corroborating circumstances. Delafosse v. Industrial Painters, Inc., 199 So.2d 5S9 (La.App. 3 Cir. 1967).
In determining whether a claimant’s disability is causally related to an accident, great weight attaches to the fact of a sudden change from a condition of health or ablebodiedness prior to the accident to one of disability immediately thereafter. Ardoin v. Houston Fire and Casualty Insurance Co., 235 So.2d 426, 429 (La.App. 3 Cir. 1970).
The cases cited by defendant[2] are distinguished on the facts.
The trial court’s judgment is affirmed. Costs of this appeal are assessed to defendants appellants.
Affirmed.

. At Tr. 118 Robert Simon testified that Matte told him about being hurt on June 10. On Cross-examination at Tr. 122 he verified that he had been told that Matte “hurt his back picking up mud.” At Tr. 128 on Cross-examination Robert Simon testified that he told defendant’s insurance adjuster that Matte told Robert Simon that he had-been-hurt on the job. Still on Cross-examination (at Tr. 128) Robert Simon was asked when Matte first complained of pain. He answered:
“A. Well, that day he really complained ; the 10th of June. When I went down there to talk to him on the hopper he was hurting bad. He told me he had hurt himself. He said his back was hurting bad and he went and got some ice and put it in his back pocket. I knew he was hurting.” (Emphasis added.)

. Bryant v. Slidell Memorial Hospital, 243 So.2d 285 (La.App. 1 Cir. 1971); Landry v. Employers’ Liability Assurance Corp., Ltd., 233 So.2d 624 (La.App. 3 Cir. 1970); Lewis v. Celotex Corporation, 222 So.2d 647 (La.App. 4 Cir. 1969); and Clark v. Glenwood Hospital, Inc., 165 So.2d 540 (La.App. 2 Cir. 1964).