DOMENGEAUX, Judge
(dissenting).
I respectfully disagree with my brothers of the majority.
This is a case situation where there were no witnesses to the accident. The plaintiff was the only one to testify as to the occurrence of the accident. We should be guided, therefore, by the general proposition set out in the jurisprudence that a workmen’s compensation claimant can prove the occurrence of an accident solely by his own testimony but only if there is nothing to discredit the claimant’s testimony and only if his testimony is corroborated by the surrounding circumstances. Guilbeaux v. Trinity Universal Ins. Co., La.App., 134 So.2d 717, and the many cases cited therein; Lewis v. Celotex Corp., La.App., 222 So.2d 647; Clark v. Glenwood Hospital, La.App., 165 So.2d 540.
In suggesting that the plaintiff has not sustained his burden of proof, I am fully mindful of the “manifest error” and “much discretion” rules, but at the same time, it is difficult to reconcile a holding for the *22 plaintiff in view of the many inconsistencies in his testimony. For instance, he told the tool pusher, Mr. Black, that he did not injure himself on the job with defendant but rather had gotten hurt previously in another employment. On the day of the alleged accident, while riding in an automobile from work with a co-worker, Robert Simon, they discussed plaintiff’s back pain, but Simon testified that plaintiff did not tell him that he had hurt his back on this job. A review of the other testimony of Robert Simon, although indicating that plaintiff told him he had hurt himself, does not state that plaintiff told him that he was hurt on the job with defendant. Paul Weber Simon, the driller, whose statement was stipulated to, said that he knew of no accident which occurred on the alleged date of the accident and that the only mention made to him by plaintiff was that plaintiff told him before work that morning that his back was hurting him and he would have to see a chiropractor on his next day off. Simon also heard plaintiff tell Mr. Black that he, plaintiff, had been injured on a previous job. Plaintiff failed to tell his family doctor that his back had been injured as a result of the alleged accident. There are other inconsistencies as to what plaintiff told the other doctors involved as to the occurrence of an accident. Plaintiff consulted a chiropractor some two or three weeks before the alleged accident for back pain, although plaintiff’s wife testified that plaintiff did not have any previous back trouble. Plaintiff testified that on the day of the alleged accident, prior to it, his back was not hurting; however, as indicated above, Paul Weber Simon testified to the contrary. Plaintiff testified that he told some of his co-workers that he hurt himself on the job, but did not call them to testify; one of these coworkers being James Matte, who stated that he did not recall being told by plaintiff he had hurt his back or had had an accident.
Plaintiff himself admitted that he told untruths in connection with the accident.
I conclude that plaintiffs testimony has been discredited and further that it has not been corroborated sufficiently by the surrounding circumstances, and consequently his testimony, standing alone, fails to meet his burden of proof. I therefore opine that there should be judgment herein in favor of the defendants.
For the above reasons I respectfully dissent.