260 So.2d 357 (1972)
Lloyd LEWIS, Sr.
v.
Lionel R. COLLINS.
No. 4957.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1972.
*358 Lloyd Lewis, Sr., in pro. per.
A. M. Trudeau, Jr., New Orleans, for defendant-appellee.
Before REDMANN, LEMMON and BAILES, JJ.
REDMANN, Judge.
Plaintiff appeals from a judgment dismissing on the merits his malpractice action against the attorney who represented him in an unsuccessful workmen's compensation action (Lewis v. Celotex Corp., La.App. 1969, 222 So.2d 647).
Plaintiff charges first that defendant's filing of his action on May 29, 1965 was not timely in respect to a September 17, 1963 job incident, and second that defendant did not present available corroborative evidence in respect to the May 29, 1964 job incident on which defendant founded the action he filed for plaintiff.
As to the election by defendant to base plaintiff's claim on the later rather than the earlier incident, it appears to us that this was a proper choice. After that incident plaintiff underwent medical tests *359 which were negative, and even an exploratory laparotomy which failed to disclose the cause of his complaints. Most importantly, he did return to work (after his operation and a subsequent temporary layoff by his employer) and worked for a few weeks. His actual inability to work (whether temporary or permanent) seems to us to have been connected to the May 29, 1964 incident, although it may well have been pre-conditioned by the 1963 incident.
Moreover, plaintiff's complaint to defendant after the 1963 incident and operation was only that the doctor improperly attributed that infirmity to non-job-connected causes, with the result that the employer would not bear the expense of subsequently desired neurosurgical or orthopedic consultations. (Other medical expenses and a weekly disability allotment were paid under an insurance-type arrangement.) Plaintiff believed that the doctor, who suspected an unusual hernia (though none was found), should have categorized a possible hernia as job-connected and thus enabled plaintiff to have the necessary further medical consultations at the employer's expense.
Under all the circumstances, we conclude that it was highly unlikely that the 1963 board-handling incident could be successfully urged as the accident which caused permanent disability; and, especially in the context of plaintiff's reason for consulting defendant at that time, we find defendant's professional judgment in basing the compensation claim on the later incident a reasonable one in the exercise of reasonable professional competence.
As to the May 29, 1964 incident, we find ourselves unable to reach an ultimate determination of liability. The record of the compensation action is not part of this record, and one possible reason is that the trial judge declined to "retry" that matter in this one.
We may observe that this court held against plaintiff on the ground that he proved neither accident nor disability, and we quoted the trial judge's similar reasoning. We expressly noted plaintiff's then failure to corroborate his claim of an accident by evidence from the V.A. hospital of his May 29 treatment there, or from his brother who drove him there.
Defendant testified that he never was told by plaintiff that his brother had driven him to the hospital until plaintiff so testified at the trial of the first suit. Defendant's impression was that plaintiff's wife alone had brought him to the hospital, and defendant elected not to call her to save her the embarrassment of revealing that she was not actually married to plaintiff.
However, defendant did not explain why he failed to actually procure the V.A. hospital records of which he was aware, and which do show that on May 29 plaintiff went to the hospital with a complaint related to "hard work". Defendant said he believed the V.A. treatment was only for a bladder infection and the case was based on an intervertebral disc injury. However, the record was pertinent at least for a showing of some incident on May 29 (as to which defendant knew he had no co-employee witnesses and thus needed whatever corroborative evidence he could obtain); and in fact the record states, after reciting some symptoms, "Story is suggestive of spinal disk pathology." The May 30 record recites two instances of pain on twisting and lifting, and notes "Last episode occurred yesterday at work." Additionally, x-ray reports of March 2, 1964 and September 2, 1964, show that there occurred between those dates "radiographic changes compatible with disc pathology at the level of the 3d and 4th lumbar interspaces."
In our judgment defendant breached his professional responsibility to plaintiff when he failed to obtain the V.A. hospital records and present them (or perhaps V.A. physicians' testimony) at the *360 trial of plaintiff's workmen's compensation suit.
We are, nevertheless, unable to say that the presentation of this evidence would have assured that plaintiff would win his case. The record of that case is not in evidence here and we thus cannot know whether the additional evidence would have sufficed. We do know that there is contrary medical opinion. (There is also Dr. Gernon Brown's opinion of a possible herniated disc, with recommendation of myelogram.) Perhaps plaintiff would have lost anyway. (The fact that in 1968 the disc was in fact surgically removed was, of course, not available as evidence at time of the first trial.)
Obviously the mere fact that we find defendant breached his obligation to plaintiff does not by itself entitle plaintiff to any award. As in any other case of breach of an obligation (whether contractual or delictual), the plaintiff must further prove both that the breach caused damages and what the amount of the damages was. Thus here plaintiff must prove that defendant's breach caused the original compensation suit to be lost, and must also prove the amount of compensation he would have been awarded had defendant presented evidence relative to the V.A. hospital treatment, diagnosis, etc.
The question the trial court must determine on remand is whether, with the added evidence of the V.A. hospital records and perhaps testimony of the V.A. physicians, in addition to Dr. Brown's opinion (and despite contrary evidence), the conclusion would probably have been reached that a herniated disc did occur as a result of the May 29, 1964 incident and did totally and permanently disable plaintiff or otherwise entitle him to benefits. If so, defendant is liable to plaintiff for the then appropriate amount of award of compensation.
The judgment is set aside and this matter remanded for further proceedings consistent with this opinion.
Set aside and remanded.