SAVOY, Judge.
Plaintiff filed a wokmen’s compensation suit against his employer and its compensation insurer for total and permanent disability resulting from a disc injury received while in the course and scope of employment on or about Jan. 2, 1970. Defendant filed an answer admitting a prior injury to plaintiff’s left leg but stating that it paid all claims for the injury and plaintiff was discharged as able to go back to work. Defendant denied the accident complained of in this suit. After a trial on the merits, the district judge held that plaintiff had not proven the accident sued on in the instant case and dismissed his suit. He appealed.
The issue is one of fact and depends largely on the credibility of the witnesses.
Plaintiff was working as foreman of a crew installing a compressor on a Texaco well platform at Rabbit Island. He testified that while helping four or five men lift pipe, he felt a flash of pain in his back and in the abdominal area, several inches below the belt line. He says he did not report the accident because he did not consider the injury serious at the time and for the reason that he was earning good wages and was afraid to lose his job. However, plaintiff testified that the day after the accident, he told some members of the crew about the injury to his back. The coworkers who testified at the trial did not remember plaintiff telling them about any accident on the Rabbit Island job. One or two members did say plaintiff walked with a limp from the ankle fracture resulting from the previous accident. But these employees do not corroborate plaintiff’s testimony that he suffered the accident complained of.
*672 Another cloud on the plaintiffs testimony is that he was vague as to when the accident occurred.
Plaintiff went to see Dr. Orien Dalton, of New Iberia, Louisiana. Dr. Dalton examined plaintiff on March 5, 1971. Plaintiff’s complaint to the doctor was solely concerned with his knee. No back history was given at that time.
Plaintiff went to see Dr. Adonis Do-mingue, General Practitioner, at New Iberia, Louisiana, on April 13, 1971. Plaintiff complained of pain in the fractured ankle. No complaints of pain to the back were noted by the doctor on this visit. On the second examination of plaintiff by Dr. Do-mingue, plaintiff complained of pain in his back, radiating to the right leg. The doctor made an examination for the back symptoms and diagnosed a back ache due to lumbar sprain or change of h-A, L-5 spine. Dr. Domingue was of the opinion that any back injury occurred after the first visit to his office.
Dr. Robert C. Leaver, a specialist in Neurological Surgery, examined plaintiff at his Baton Rouge, Louisiana office on July 7, 1971. He is presently practicing in Brighton, Massachusetts, and his testimony was taken by depositions. Plaintiff complained of pain in the back but did not relate this to any accident.
Plaintiff saw Dr. William L. Zink of Lafayette, Louisiana, specializing in General Surgery. Dr. Zink examined plaintiff on May 18, 1971, at which time plaintiff stated he developed back pain in January 1971 while working on board walk roads. Plaintiff could not relate any specific occurrence causing the back problem.
Plaintiff was examined by Dr. John Jackson, Neuro-Surgeon, of New Orleans, Louisiana, on July 14, 1971 and January 6, 1972, and stated he injured himself lifting pipe.
In a compensation case, the testimony of the claimant alone is not sufficient to establish the occurrence of an accident when there is testimony to discredit his account thereof and where his statements are not supported by surrounding circumstances. Carter v. Casualty Reciprocal Exchange, 163 So.2d 855 (La.App. 2 Cir. 1964).
In Kirkham v. Consolidated Underwriters Insurance Co., 219 So.2d 827 (La.App. 2 Cir. 1969) the court said:
“ . . . . that the testimony of a claimant alone in a workmen’s compensation case may be sufficient to establish the occurrence of an accident within the meaning of a statute. . . . where claimant’s story is corroborated by surrounding facts and circumstances and where there is nothing in the record to impeach or discredit his testimony . ” Citations omitted.
We agree with the detailed written opinion by the district judge wherein he concludes that plaintiff has failed to prove an accident by a preponderance of the evidence.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s cost.
Affirmed.