HOOD, Judge.
Ducray Romero seeks to recover workmen’s compensation benefits from Iberia Parish School Board. The trial judge found that plaintiff had failed to establish a causal connection between his present disability and a work connected accident, and accordingly judgment was rendered re *468 jecting plaintiff’s demands. Plaintiff has appealed.
The sole question presented is whether plaintiffs alleged disability resulted from an injury sustained by him during the course of his employment.
Romero worked as a janitor for defendant at the Dodson Elementary School, in New Iberia, from December 15, 1966, until May 12, 1972. He testified that he injured his back on March 13, 1972, while moving the concrete base of a shower stall at the school, and that he has been totally disabled since that time as a result of that injury. He stated that his knees buckled when he hurt his back, and that he would have fallen if he had not supported himself by holding onto a drain pipe. He said that his wife and Jules Dieudonne, principal of the school, were present when the accident occurred, and that immediately thereafter he told both of them that he had hurt his back. He testified that he continued to work with pain after the accident occurred, and that he first sought medical treatment on March 20, 1972, one week after the injury was sustained. The evidence shows that he continued to work until May 12, 1972.
Plaintiff was treated by Dr. Elias from arch 20 until April 21, 1972. He was created by Dr. J. R. Romero from April 21 until May 31, 1972, and by Dr. William Meuleman, an orthopaedic surgeon, from May 31 until August 17, 1972. The medical evidence establishes that on May 31, 1972, plaintiff had a herniated disc at the L4 — L5 level, and that he was disabled as a result of that condition. Surgery was performed by Dr. Meuleman on June 8, 1972, for the removal of that disc.
Plaintiff did not tell Dr. Elias how he had hurt his back. He told Dr. Romero that he “felt” that he had “possibly injured his back while moving some desks around at school,” and that he had been suffering pain in his back for at least a year prior to that time. He informed Dr. Meuleman that he began to have difficulties with his back and left lower extremity on March 13, 1972, but he did not tell the doctor about the accident on which he bases his present demand for compensation benefits.
The trial judge found that plaintiff became disabled during the month of May, 1972, but he concluded that plaintiff had failed to carry the necessary burden of proof to show that his disability resulted from a work connected accident during his employment by the defendant school board. We cannot say that the trial judge erred in reaching that conclusion.
A workmen’s compensation claimant must prove the occurrence of a work connected accident by a reasonable preponderance of the evidence, i. e., by evidence which as a whole shows it to be more probable than not that an accident at work occurred. Landry v. Employers’ Liability Assurance Corp., Ltd., 233 So.2d 624 (La.App. 3 Cir. 1970); Kirkham v. Consolidated Underwriters Ins. Co., 219 So.2d 827 (La.App. 2 Cir. 1969).
The testimony of the plaintiff alone in a workmen’s compensation case may be sufficient to establish the occurrence of a disabling accident, provided that his testimony is corroborated by surrounding facts and circumstances and there is nothing in the record to impeach or discredit his testimony. Delafosse v. Industrial Painters, Inc., 199 So.2d 559 (La.App. 3 Cir. 1967) ; Menard v. St. Martin Construction Company, Inc., 280 So.2d 671 (La.App. 3 Cir. 1973); Kirkham v. Consolidated Underwriters Ins. Co., supra; Lewis v. Celotex Corp., 222 So.2d 647 (La.App. 4 Cir. 1969).
We find in the instant suit, as did the trial judge, that plaintiff’s testimony as to the occurrence of the alleged accident on March 13, 1972, is not corroborated by the surrounding facts and circumstances and that his testimony has been discredited in several particulars.
The evidence establishes that the showers at the school where plaintiff was *469 working were removed on November 2, 1971, instead of on March 13, 1972. If an accident occurred as contended by plaintiff, therefore, it is apparent that he continued to work without complaint for a period of at least four and one-half months after he sustained the alleged injury and before he sought medical treatment. This is inconsistent with his testimony that he worked with pain for only one week before he consulted a doctor.
Plaintiff’s wife testified that she watched her husband during the entire time he was moving the base of the shower. She stated that after he and his coworkers had completed moving it, plaintiff walked up to her and Mr. Dieudonne and stated “I’m tired . . . my back hurts I think I hurt my back.” Although that partially supports plaintiff’s statements, her testimony further discloses that despite the fact that she watched her husband continuously, she did not see his knees buckle, nor did she see anything else occur which indicated that he may have sustained an injury.
Mr. Dieudonne denied that he was present when the shower bases were moved, and he denied that plaintiff told him that he had injured his back at any time prior to mid September, 1972, or approximately 10 months after the shower stalls had been removed. He testified that plaintiff continued to perform his duties at the school in a normal manner after the shower stalls had been taken out until May 12, 1972, when plaintiff ceased working at the school.
Dalton Bayard, the plumber who was in charge of removing the shower stalls, testified that he was present during the entire time the base of each shower was removed, and that he worked with plaintiff while the latter was assisting him in that job. He stated that although he worked with plaintiff in removing the base of each shower, he did not notice anything which indicated that plaintiff had sustained an injury, and that plaintiff made no complaints to him at any time about having injured his back. He testified that after the bases of the two showers had been removed, plaintiff asked Bayard if he could have them, and that plaintiff stated that if he could have them he would load them into the truck himself. We feel, as did the trial judge, that plaintiff’s suggestion that he could load the bases into the truck by himself is inconsistent with his present statement that he had seriously injured his back imediately before that proposal to move the concrete bases alone was made.
In view of the'above mentioned discrepancies in plaintiff’s testimony, and the other evidence which tends to discredit plaintiff’s statements as to the occurrence of the alleged accident, we feel that the trial judge correctly concluded that the evidence fails to show that plaintiff’s present disability resulted from a work connected accident. We thus find no error in the judgment of the trial court.
The judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.