MORIAL, Judge.
In 1964 plaintiff employed defendant attorney to handle a workmen’s compensation claim against his employer. Defendant filed a suit in plaintiff’s behalf in May, 1965, and the case was tried in May of 1967 with the result that plaintiff’s suit was dismissed. The basis for the suit was an accident which allegedly occurred on May 29, 1964. That case was appealed to this court and was affirmed in Lewis v. Celotex Corporation, 222 So.2d 647 (La.App. 4th Cir. 1969).
Plaintiff initiated these proceedings in November, 1969, claiming damages on the basis of defendant’s malpractice in connection with the handling of his claim. He alleged that the accident which produced the injury and attendant disability occurred in September, 1963, and that defendant had allowed his claim to prescribe. He also alleged a re-injury on May 29, 1964, and claimed that defendant had failed in his duty to him by neglecting to file in evidence V. A. Hospital records and to call available witnesses to prove his case. The case was originally tried in May, 1971, with the result that plaintiff’s suit was dismissed. On appeal to this court the judgment was set aside and remanded to the trial court for additional evidence, Lewis v. Collins, 260 So.2d 357 (La.App. 4th Cir. 1972).
The previous judgment of this court settled certain issues. We held that the defendant’s professional judgment in basing the compensation claim on the 1964 accident as opposed to the 1963 accident was a reasonable one, so that plaintiff is not entitled to recover against defendant on the theory that his claim based on the 1963 accident was allowed to prescribe by the fault of defendant. Furthermore, we held that defendant was not guilty of any negligence by his failure to call as witnesses in the compensation trial plaintiff’s brother *445 and wife. However, we held that defendant did breach his responsibility to plaintiff when he failed to obtain the V. A. records or the V. A. physicians’ testimony.
We pointed out that we were “unable to say that the presentation of this (missing evidence) would have assured that plaintiff would win his case . . ; ” that the mere fact that defendant breached his obligation does not by itself entitle plaintiff to an award; but that plaintiff must prove that the breach caused damages, in this case the loss of the compensation suit. We concluded with the following:
“The question the trial court must determine on remand is whether, with the added evidence of the V. A. hospital records and perhaps testimony of the V. A. physicians, in addition to Dr. Brown’s opinion (and despite contrary evidence), the conclusion would probably have been reached that a herniated disc did occur as a result of the May 29, 1964 incident and did totally and permanently disable plaintiff or otherwise entitle him to benefits. If so, defendant is liable to plaintiff for the then appropriate amount of award of compensation.”
At the trial of the case on remand plaintiff produced the V. A. records along with the testimony of Drs. James Hinson, Ger-non Brown, Jr. and Kenneth Vogel. The V. A. record and the testimony of Dr. Hinson did indeed establish that on May 29, 1964, Lewis presented himself at the Veterans Hospital. The record of the Veterans Hospital recited that there was a long history of left sided back pain with radiation to the hip and knee and numbness of the toe. It was reported “pain is persistent but more severe in episodes after hard work several days. Coughing (increased) pain. Probably positive leg raising test. Story is suggestive of spinal disc pathology. Patient in moderate to severe pain at times (i. e., to night).”
As admitting officer for the day, Dr. Hin-son ordered an examination for urinary tract infection and an orthopedic evaluation. It was determined that Lewis did have a urinary tract infection and gave an impression of musculo-fascial strain. The findings did not warrant hospitalization, and since the V. A. had no out-patient treatment facility for Lewis, he was referred to his family doctor.
While this evidence gives some support to Lewis’ claims, all of the evidence in this case must be considered for a determination of workmen’s compensation disability. The trial judge, after considering all of the evidence, concluded:
“The court concludes that from all the facts under consideration petitioner has established at best a possibility of disability, which proof is insufficient for recovery. Roberts v. M. S. Carroll Co., Inc., et al, [La.App.], 68 So.2d 689. The Veterans Administration Hospital records, and the deposition of Dr. Hinson by themselves do not convince the court that the burden of proof was carried by petitioner to establish that he suffered a herniated disc as a result of the May 29, 1964 incident. Further, even coupling this evidence with the report of Dr. Brown as introduced in the workmens compensation suit, the court cannot conclude that petitioner has carried the burden of proof sufficient to grant recovery for total and permanent disability.”
The record supports the conclusion of the trial judge that plaintiff failed to carry the required burden of proof to establish that he suffered a herniated disc as a result of a May 29, 1964 on the job accident.
First, because the malpractice suit was tried by a different judge than the compensation suit itself, we believe it important to point out the finding of the trial judge in the compensation case, which we approved in our affirmance in Lewis v. Celotex Corp., 222 So.2d beginning at p. 648:
“While an examination by Dr. Gregoratti, his personal physician, on June 2, 1964 and June 8, 1964 indicated some muscle spasm, in the lumbar area, in view of plaintiff’s medical history of back problems, it would be most presumptuous to conclude that these symptoms resulted from an industrial accident in the absence of some proof of the accident. Examina *446 tion and treatment by Dr. Logan, Dr. Gregoratti and Dr. Calicchia on June 22, 1964 revealed no objective orthopedic or neurological basis for plaintiff’s complaints, and he was discharged on July 24, 1964 by his physician, Dr. Gregoratti, with no positive findings.
“The law is quite clear that a plaintiff in a compensation case must establish his claim to a legal certainty and by a reasonable preponderance of the evidence. The only evidence supporting plaintiff’s claim here is his own testimony, and the medical evidence submitted does not sustain his position.”
Next, we note that although Lewis claimed to have been hurt on the job on September 17,1963, when he complained of pain in the groin, on September 18, 1963, when he complained of pain in the side and back, and finally on May 29,1964, when he took his complaints to the V. A. Hospital, there still remains only his testimony that he was hurt on the job. As to the first incidents, the witnesses he produced either did not remember any accident or did not see any. As to the last, not only did he not produce a witness, but he did not even report the accident. This at a time when, according to his testimony, his attorney was handling his 1963 workmen’s compensation claim.[1] We further note his statement to Dr. Hinson on May 29 of his “long history” of left-sided back pain which seems consistent with Dr. Logan’s statement of “12 year history” on February 28,1964 and the statement of “13 year history” and “12 year history” in the V. A. Hospital records of September 2, 1964.
We believe it especially important to note some history of this man’s complaints in view of the testimony of Dr. Kenneth Vo-gel, who operated upon Lewis in 1968, performing an interlaminal removal of the L4 disc from the right side with inspection of the L5 disc. At that time, Lewis was being treated at the V. A. Hospital for degenerative disc disease. The doctor’s testimony makes it clear that the pathology he found could be caused equally by a job-related trauma or by degeneration caused by the aging process. Of course, the doctor’s treatment came a year after the trial, and cannot be considered as having anything to do with the attorney’s handling of the case. The importance of it now is to point up that the history given by the patient is persuasive of the determination of trauma or degeneration in this case. It is interesting to note the 1964 V. A. history of 12 years had in 1968 shrunk to 5 years as stated to Dr. Vogel.
Turning to Lewis’ medical history, we first note his complaints in September, 1963 with pain in the groin. Treatment was undertaken by the employer’s doctor, Dr. Sam Logan, for medical disability and not job-related accident disability. Dr. Logan could not find the cause of his complaints despite an exploratory operation, during which he removed Lewis’ appendix. There then follow a succession of doctors who examined this man with negative results. Later examinations began to show a suspicious narrowing of the disc spaces culminating in Dr. Vogel’s operation. According to the V. A. record in evidence, he was apparently treated later for other problems.
Considering all of the evidence, we find sufficient basis to support the conclusion of the trial judge that Lewis has not carried the burden of proof as stated in Roberts v. M. S. Carroll Co., Inc., supra. Accordingly, we cannot find that the action or non-action of his attorney caused his loss.
The judgment is affirmed.

AFFIRMED.

. His attorney testified that Lewis had not consulted him for job-related injury but for a possible malpractice claim against the doctor who treated him for his September, 1963 complaints.