365 So.2d 31 (1978)
Wess J. TASSIN and Della Tassin, his wife
v.
Frans J. LABRANCHE, Jr. and St. Paul Fire and Marine Insurance Company.
No. 9544.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1978.
*32 Arnold C. Jacobs, New Orleans, for plaintiffs-appellants.
Lemle, Kelleher, Kohlmeyer & Matthews, H. Martin Hunley, Jr., New Orleans, John M. Sartin, Jr., Metairie, for defendants-appellees.
Before SAMUEL, GULOTTA and BEER, JJ.
GULOTTA, Judge.
Plaintiffs appeal from the dismissal, by summary judgment, of their legal malpractice claim. We affirm.
By way of background, plaintiffs had retained the individual defendant, an attorney, to assert a claim for damages for injuries sustained by Mrs. Della Tassin as result of an automobile accident. The suit on plaintiffs' behalf was met by a plea of prescription which was referred to the merits and ultimately overruled by the trial judge. After trial on the merits, a general damage award was rendered in favor of Mrs. Tassin, in the sum of $3,000.00 and a special damage award, in favor of Wess J. Tassin, her husband, in the sum of $933.21. In appealing from that judgment, plaintiffs complained of the inadequacy of the award. In answer to that appeal the defendant, in that case, reurged the plea of prescription. This court, in Tassin v. Allstate Insurance Co., 310 So.2d 680 (La.App. 4th Cir. 1975), writ refused, 313 So.2d 836 (La.), reversed the judgment of the trial court and maintained the plea of prescription. Plaintiffs' suit was dismissed at their cost. Pending the appeal of Tassin v. Allstate, in this court, the sum of $4,450.25 (representing the amount of the general damage award, special damages and interest) was paid to plaintiffs in accordance with the trial court judgment, although that judgment was reversed on appeal at a later date.
Thereafter, the Tassins' filed this suit alleging that defendant's failure to timely file their earlier claim against Allstate and it's insured for damages sustained in the automobile accident (which was dismissed on a plea of prescription in the appellate court) resulted in receipt by them, of an inadequate sum from the insurer of the automobile accident tort-feasor and an amount not commensurate with the seriousness of the damages sustained by Mrs. Tassin. Plaintiffs claim entitlement in this legal malpractice suit to a sum in excess of $16,000.00.
By stipulation, the record of the earlier trial, i. e., the Tassin v. Allstate Insurance Co. matter, is incorporated in the record in this appeal.
When a client sues an attorney for damages because of alleged mishandling of litigation, the client bears the burden of proving the neglect was the proximate cause of the client's loss. It is incumbent upon the client to prove by a preponderance of the evidence, that except for negligence on the part of the attorney, the litigation would have resulted in a decision most favorable to him. Toomer v. Breaux, 146 *33 So.2d 723 (La.App. 3rd Cir. 1962); Vessel v. St. Paul Fire and Marine Ins. Co., 276 So.2d 874 (La.App. 1st Cir. 1973). Applying the rule to our situation, plaintiff must show that the damages, sustained as a result of the automobile accident, were so inadequate as to constitute an abuse of the much discretion rule and, therefore, warrants an award in excess of the amount awarded by the trial court in the earlier litigation. Plaintiff simply has failed to carry this burden.
Following the March 10, 1971 rear-end accident, Mrs. Della Tassin, age 46, was hospitalized for eight days. She was suffering from low back pain and headaches. According to Mrs. Tassin, her activities were restricted for approximately three weeks, post accident. Although plaintiff claimed she continued under medical treatment from the date of the accident to the date of trial (September 20, 1973) Mrs. Tassin stated she resumed housework within three weeks after the accident. She did, however, claim that because of low back pain, it was difficult to travel in an automobile for any extended period of time.
Mrs. Tassin's treating physician, Dr. William M. Pusateri, an orthopedic surgeon, saw plaintiff in the hospital emergency room. Her complaints were of severe neck pain. Dr. Pusateri found decreased range of motion in the cervical spine and muscle spasm. During Mrs. Tassin's hospitalization, she was placed in traction and given heat treatment, muscle relaxants and analgesics. Dr. Pusateri's diagnosis was chronic lumbosacral strain and moderate to severe cervical strain. On an April 12, 1971 visit to Dr. Pusateri, after discharge from the hospital, Mrs. Tassin's neck problem became asymptomatic though she continued to experience lower back pain. On the date of plaintiff's discharge from the doctor, May 3, 1971, her back also had become asymptomatic.
Because of continued complaints of pain, plaintiff was seen again on July 2, August 10, 1971 and February 9, 1972. No abnormalities were discerned at that time and no objective symptoms were found. Plaintiff continued to complain of pain on April 17, 1972, on November 7, 1972 and April 19, 1973 visits. However, no objective findings were made.
The evidence considered from the record in the earlier case (before us by stipulation), relating to the injuries sustained by Mrs. Tassin, does not support plaintiff's claim that the trial court's award for general damages in the amount of $3,000.00 was so inadequate as to constitute an abuse of the trial court's discretion. Under the circumstances, we conclude plaintiffs have failed to establish, because of the attorney's negligence, that they were in fact damaged. See: C/M of Baton Rouge, Inc. v. Wood, 341 So.2d 1181 (La.App. 1st Cir. 1976). Plaintiff has not shown, that except for the negligence on the part of the attorney, the litigation would have resulted in a decision most favorable to the client.
Although plaintiff's suit was dismissed on defendant's motion for summary judgment, the record of the earlier proceedings was incorporated in and made a part of the motion for summary judgment. The record, and particularly the medical evidence, was considered by us in this appeal. When this evidence, made a part of the record for the purpose of the motion for summary judgment, is considered, we conclude the trial judge properly dismissed plaintiff's suit by summary judgment. Clearly, no genuine issue of material fact exists and defendant is entitled, as a matter of law, to a judgment dismissing plaintiff's suit by summary judgment.
Having so concluded, the judgment is affirmed.
AFFIRMED.