391 So.2d 78 (1980)
Allen J. ST. PIERRE
v.
Leonard A. WASHOFSKY, Individually and as a Partner in the Law Firm of Jackson & Hess and its Successors in Interest, Hess & Washofsky and his Legal Malpractice Insurer, the XYZ Insurance Company.
No. 11266.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 1980.
Rehearing Denied December 19, 1980.
A. Remy Fransen, Jr., Wiedemann & Fransen, New Orleans, for defendants-appellees St. Paul Fire & Marine Ins. Company and Leonard A. Washofsky.
Walter C. Thompson, Jr., Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, for defendants-appellees Appalachian Ins. Co. and Leonard A. Washofsky.
Daniel E. Becnel, Jr., Reserve, for plaintiff-appellant.
Before REDMANN, SCHOTT and GARRISON, JJ.
SCHOTT, Judge.
Plaintiff has appealed from a summary judgment dismissing his malpractice action against his former attorney who represented him in an unsuccessful tort claim. St. Pierre v. General Am. Trnsp. Corp., 360 So.2d 595 (La.App. 4th Cir. 1978).
In his petition plaintiff makes the following allegations: Having been injured in an industrial accident on July 18, 1973, he retained *79 defendant, Leonard A. Washofsky, to represent him in an "executive officer and a workmen's compensation action" against his employer. Suit was filed and in May 1977, the case was tried improperly, Washofsky failed to sue the necessary parties, and he failed to make a timely objection to special interrogatories propounded to the jury, all constituting legal malpractice.
Plaintiff made part of his petition by reference our opinion cited above which affirmed the judgment of the trial court dismissing plaintiff's suit.
Defendants, Washofsky and his insurers, responded to this petition with a motion for summary judgment and relied for the most part on our previous opinion to support that motion. No affidavits, depositions or interrogatories were filed by defendants in support of their motion so that they relied exclusively on an attack against plaintiff's petition based on the previous opinion of this court. Thus, the posture of this case is much like a dismissal on an exception of no cause of action since defendants are not relying on a defense based on facts. Instead, they have chosen to defend against the petition as a matter of law.
In any malpractice action the client must prove by a preponderance of the evidence that the attorney's neglect was the cause of the client's loss and except for negligence on the part of the attorney the client would have won the case. Tassin v. Labranche, 365 So.2d 31 (La.App. 4th Cir. 1978). In Lewis v. Collins, 260 So.2d 357 (La.App. 4th Cir. 1972), we held that the plaintiff in an attorney malpractice action must prove that the attorney breached his obligation and that the breach caused the plaintiff damages in order to prevail.
We have no difficulty concluding that plaintiff failed to state a cause of action with the allegations summarized above. As can be seen from our original opinion, we held flatly that plaintiff was barred from recovery by his own contributory negligence in breaking the glass gauge with his hammer so as to preclude him from recovery no matter what additional defendants may have been joined. In analyzing the jury's verdict on this point, it is surely more probable than not that the jury would have reached the same conclusion that it did against an array of high level officers even if these low level fellow servants of plaintiff had been joined as defendants. We are not persuaded that the addition of these fellow employees, particularly Vice, would somehow have made the jury more sympathetic to plaintiff and award him a verdict when they were unmoved to do so against the defendants who were joined.
As to defendants' failure to object to the order of interrogatories, while we pointed out in our previous opinion that that objection was waived by defendant attorney's failure to object to the interrogatories, we did not suggest in our opinion that it was error for the interrogatories to have been placed in the order that they were, and we do not so hold.
Following the allegations summarized above plaintiff also alleged that defendant's malpractice consisted of "improper consultation with witnesses," and failure to employ adequate discovery, to properly attempt to settle the case, to fully advise plaintiff with respect to the proper defendants to be sued, and to timely set the matter for trial. However, these allegations are likewise insufficient to state a cause of action because they are largely conclusory in nature and they must be read in context with the other allegations of the petition concerning defendant's failure to join additional defendants, which we have already discussed and disposed of.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
REDMANN, J., dissenting.
REDMANN, Judge, dissenting.
First I note that this jury did not find St. Pierre's tort recovery barred by contributory negligence, but neither defendant Washofsky as trial counsel nor present counsel Becnel as then appellate counsel thought *80 worthy of pursuit, apparently, that the minimum 9-3 vote included among the nine, one juror (Evelyna Jefferson) who on being polled voted that St. Pierre was not guilty of negligence at all. Because C.C.P. 1795 requires nine jurors to concur, and that juror's vote cannot reasonably be counted, there was no valid verdict.
Second I note that a duty-risk analysis of the tort case would have, more probably than not, prevented treating St. Pierre's negligence in breaking the glass tube-gauge as a bar to his recovery, because the duty arose to drain the acid from the glass tube precisely because of the risk that St. Pierre might break the glass tube when inescapably working next to it with welding equipment. Once this duty-risk relation is pointed out, it is unlikely that a court would hold that the exact accident the duty is intended to protect against defeats a claim for damages for a breach of the duty. See Rue v. State, Dept. Hwys., 372 So.2d 1197 (La.1979). No duty-risk instruction was requested by trial counsel, and no duty-risk argument was made in the brief on appeal by appellate counsel.
Because of his responsibility in respect to those two matters in the tort suit, I believe that St. Pierre's present counsel is not in a position to advise and represent St. Pierre independently, competently and zealously in this malpractice suit. Code of Judicial Conduct, Canon 3, standard B(3), obliges us as judges to "take ... appropriate disciplinary measures against a ... lawyer for unprofessional conduct of which the judge may become aware." St. Pierre's present counsel's prior participation in the tort case as appellate counsel interferes, in respect to the malpractice claim, with the exercise of independent judgment on behalf of the client, Canon 5, Code of Professional Responsibility, and with competent and zealous representation, Canons 6 and 7, or at least creates the appearance of impropriety proscribed by Canon 9. See especially EC 5-2 and DR 5-101(A), 6-102 and 7-101(A). We should disqualify present counsel for St. Pierre and allow time for new briefing and any other action by new counsel.