ARMSTRONG, Judge.
Plaintiff, Executive Recruitment, Inc. and Chuck Wohltmann, (“Wohltmann”), appeal the trial court’s granting defendant’s motion for summary judgment and the dismissal of Wohltmann’s legal malpractice claim. For the following reasons, we affirm the trial court’s judgment.
Defendants J.H. Henderson, III and his law firm of Guste, Barnett and Shushan, (“Henderson”) brought a suit on behalf of Wohltmann to recover $1,000.00 allegedly loaned by Wohltmann to his former employee, George Dorko, (“Dorko”). Dorko, in turn, filed what ultimately became a reconventional demand to recover unpaid commissions and bonuses allegedly owed to him by Wohltmann.
The trial of this matter was held in the First City Court for the Parish of Orleans. At trial, Wohltmann served as his only witness. Dorko, his wife and a fellow employee all acted as witnesses for defendant's case. The court disallowed into evidence a tape recording of a conversation between the litigants that was made by Wohltmann without Dorko’s knowledge. The tape was excluded as a result of partial erasures, non-disclosure during discovery and the fact that it was made without Dorko’s knowledge. However, the tape was admitted as a proffer and the court listened to the recording.
In his reasons for judgment, the trial judge discussed his resolution of the conflict based upon the relative credibility of the witnesses. The trial judge noted specifically that although the tape recording of the telephone conversation was not admitted into evidence, he had nevertheless listened to the tape and concluded that even if it were admitted into evidence, erasures and all, it would not have changed the court’s opinion. The court awarded Dorko a total of $4,151.80 on its reconventional demand and dismissed Wohltmann’s claim. Wohltmann appealed the trial court’s judgment and this court affirmed. The Louisiana Supreme Court denied Wohltmann’s application for writ of certiorari.
After this litigation was concluded, Wohltmann filed suit against Henderson in Civil District Court alleging negligence by Henderson in 1) erasing the tape and thus destroying its credibility, 2) refusing to turn over the file materials involved in the litigation thus compromising Wohltmann’s appeal, and 3) failing to perfect the record of appéal by leaving out two exhibits which were introduced at trial. Henderson filed a Motion for Summary Judgment, narrowly focused on the issue of causation. In support of that motion, Henderson argued that Wohltmann would have lost his case regardless of any of the alleged acts of negligence by his attorneys. The trial court granted summary judgment stating briefly in its reasons for judgment that there was no genuine issue of material fact. Using Henderson’s causation analysis the trial court concluded that Wohltmann’s unsatisfactory judgment was not a result of Henderson’s negligence. The court in the underlying case had considered all of the evidence and found the testimony of Wohlt-mann to be unworthy of belief and the Court of Appeal and Louisiana Supreme Court upheld that decision.
On appeal, Wohltmann, in proper person, argues that the trial court erred in 1) granting Henderson’s Motion for summary judgment because the evidence and argument presented an issue of material fact that should have defeated the motion; 2) quashing his subpoena dueces tecum requesting records from Henderson’s representation of him, 3) not granting him a continuance to allow time to locate the original City Court trial transcript,[1] 4) refusing *131 his proffer of copies of the City Court trial transcript and 5) failing to have proceedings of the summary judgment hearing recorded by the court reporter, especially when he represented himself and was without professional legal counsel. In addition, Wohltmann filed a Motion for Proof of Official Records with this court that was referred to the merits. Wohltmann’s Motion requested that the Clerk of Court certify whether the official trial court record contained a copy of Henderson’s motion to quash subpoena. Both parties testified that this motion had been filed and a copy was served on Wohltmann, however the official record does not contain a copy of this motion. We find that because there was no ruling by the trial court on Henderson’s motion, its absence from the record has no bearing on the merits of this appeal.
All five of Wohltmann’s assignments of error can be resolved by determining whether summary judgment was proper. La.C.C.P. Articles 966 and 967 provide, respectively, that on a motion for summary judgment, the mover is entitled to judgment as a matter of law if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue of material fact. When a motion for summary judgment is made and supported the adverse party may not rest on his pleadings, but must show, by affidavits or otherwise, that there is a genuine issue for trial.
Under the statute the trial court did not err in granting Henderson’s motion for summary judgment. Henderson accompanied his motion with a memorandum and supporting documents that showed unequivocally that Wohltmann could not state a case for legal malpractice. Wohltmann insists that he is entitled to an opportunity to present evidence that would have established Henderson’s negligence. However, establishing Henderson’s negligence would not be sufficient to state a claim for legal malpractice.
In Evans v. Detweiler, 466 So.2d 800 (La.App. 4th Cir.1985), this court outlined what is necessary to state a claim for legal malpractice. Plaintiff must allege that the attorney client relationship existed, that the attorney was negligent in his representation of the client and that his representation caused plaintiff some loss. It is evident from the underlying lawsuit that assuming Henderson’s negligence, such was not the cause of Wohltmann’s unfavorable result of trial. Fortunately, the trial court expressed its opinion as to the non-effect of the tape and it was in the best position to weigh any value it may have had. The trial court was not impressed with Wohlt-mann’s demeanor and did not believe him. It was Wohltmann’s lack of credibility that resulted in a judgment favoring Dorko and not any perceived negligence on the part of Henderson. See St. Pierre v. Washofsky 391 So.2d 78 (La.App. 4th Cir.1980) writ denied, 396 So.2d 1328; Jenkins v. St. Paul Fire & Marine Ins. Co., 393 So.2d 851 (La.App.2d Cir.1981) writ granted, 399 So. 2d 607, affirmed, 422 So.2d 1109.
Where Wohltmann’s alleged harm would have resulted irrespective of any alleged negligence on the part of Henderson, then that alleged negligence is not a substantial factor or a cause in fact and is therefore not actionable. Meyers v. Imperial Casualty Indemnity Co., 451 So.2d 649 (La.App. 3d Cir.1984). The trial court was correct in finding that Henderson was entitled to judgment as a matter of law. It is incumbent upon Wohltmann to prove by a preponderance of the evidence that except for negligence on the part of Henderson, the litigation would have resulted in a decision more favorable to him. The court in the underlying case offered comprehensive discussion of the witnesses’ respective credibility and the stated absence of any effect the tape had upon its ruling thus precludes any such showing by Wohltmann. Tassin v. Labranche, 365 So.2d 31 *132 (La.App. 4th Cir.1978); Alfonso v. McIntyre, 387 So.2d 1348 (La.App. 1st Cir.1980).
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.

. In his brief Wohltmann states that he filed a motion to continue the hearing on the motion for summary judgment in order to obtain the transcript; that this motion was denied; and that another motion by defendants to continue the hearing was granted by the trial court. The record shows that defendant originally scheduled the motion for October 2, 1987 and they *131 obtained a continuance because Wohltmann had not been properly served. The motion was rescheduled for October 23. On October 20, 1987 Wohltmann filed a motion for a continu-anee so as to locate the trial transcript, this was granted, and the case was rescheduled for November 13. No further continuances were sought by Wohltmann.