BOLIN, Judge.
Dorothy S. Dawson sued her employer, Western Electric Company, Inc., for workmen’s compensation benefits allegedly due her because of accidental injuries occurring on November 18, 1970 during the course and scope of her employment. In a written opinion the trial judge found plaintiff had failed to prove an accident had occurred on the job and rejected plaintiff’s demands. From a formal judgment signed in conformity with the reasons of the court, plaintiff appeals. For reasons hereinafter expressed we find the record supports the findings of the lower court and affirm the judgment.
Appellant contends the lower court erred in the following particulars :
“1. . . . in failing to find that plaintiff sustained a disabling injury as a result of a job related accidental injury on November 18, 1970.
“2. ... in failing to find that plaintiff is totally and permanently disabled under the provisions of the Louisiana Workmen’s Law as a result of the accident which occurred on November 18, 1970, while plaintiff was within the scope and course of her employment.”
*874 Appropriate to the resolution of the first specification of error are the following provisions of the Louisiana Workmen’s Compensation Act:
R.S. 23:1021:
******
“(1) 'Accident’ means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury.

“(7) ‘Injury’ and ‘Personal Injuries’ includes only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, howsoever caused or contracted.”
R.S. 23:1031:
“If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.” (Emphasis ours)
Plaintiff was employed as a buffer operator for the purpose of buffing telephone handles in defendant’s plant at Shreveport, Louisiana. The evidence convinces us plaintiff had suffered with low back pain for a period of about two weeks prior to the alleged incident. At the time of the alleged accident she was working the night shift. She testified that at approximately 2:00 a.m. she bent over to pick up a pan of telephone handles weighing approximately 20 pounds and experienced a sharp pain in her back which caused her to immediately drop the pan. Approximately 45 minutes later she had a “lunch break” and she told several employees, including Nellie Wilson, Jewel Williams, Rachel Brackman, Betty Rose and Jennie Eastern (Janet Easton) that she had been hurt. All of these employees except Betty Rose and Janet Eas-ton testified. Nellie Wilson said plaintiff asked her to bring plaintiff a sandwich because her back was hurting; however, this witness said plaintiff never told her she had hurt her back or that she had had an accident that night.
Jewel Williams’ testimony was essentially the same as that of Nellie Wilson. She said plaintiff told her she was unable to go to lunch because her back was hurting but never told this witness anything about having an accident or experiencing sharp pain.
Rachel Brackman testified generally the same as the other two employees except that plaintiff told her she had hurt her back. However, upon cross-examination this witness admitted she had previously given a deposition wherein she said plaintiff had never told her she hurt her back.
The three co-workers whose testimony we have commented upon above also said they worked in close proximity to plaintiff ; that they did not see her have an accident or hear any outcry from her evidencing such injury.
On November 18, the day of the alleged accident, plaintiff left work at 7:00 a.m., proceeded home and went to bed. About 4:30 that afternoon her husband came home and he noted his wife was in obvious pain. He testified he telephoned R. V. Blackwell, plaintiff’s supervisor, and notified him his wife had hurt her back and would not be able to return to work; that if his wife did not get better he was going to take her to a doctor; and that the supervisor told him, “Thank you for calling” and hung up. Plaintiff stated she called Blackwell the next night complaining of pain in her back due to lifting the pan on the job; that he told her she should see the company doctor. Blackwell testified he did not remember ever receiving any calls from the Dawsons.
The following day plaintiff was still experiencing pain and she said she called Thomas Lehr, her unit foreman, and told *875 him she had been hurt on the job and wanted to go to a doctor. She testified Lehr told her it would be all right for her to go to her own doctor rather than report to the company physician. Lehr testified he recalled plaintiff telephoning him while he was on the job; that she was requesting permission to enter a hospital in order to take some tests; that he did not remember the exact date but specifically remembered asking her if she had been hurt on the job; that she told him her trouble had nothing to do with her work but that she had “had it for awhile.”
On November 20 plaintiff went to Dr. Baer I. Rambach, an orthopedic surgeon, who examined her and recommended she be admitted to the hospital for further examination and treatment. During the course of his treatment she was given a myelogram and operated on for a ruptured disc. Dr. Rambach testified his records reflected plaintiff came to him on November 20, 1970, complaining of low back pain which she stated had begun approximately two weeks before he examined her. He said she did not attribute the onset of her pain to any specific incident. She was also seen or examined by Drs. C. R. Teagle and Carl G. Goodman but we do not find their testimony to be of any particular significance.
The crucial question to be decided in this case is whether plaintiff has shown by a preponderance of evidence that she had a job-related accident. This question in turn depends upon a careful analysis of the testimony of many witnesses, some of which is irreconcilable. This seems to be a classic case for the application of the jurisprudential rule that the factual findings of the trial judge should not be overruled unless they are clearly erroneous and unsupported by competent evidence. In his written reasons the district judge stated:
“Louisiana law requires, first, that plaintiff establish her claim by a preponderance of the evidence to a legal certainty. The testimony of an employee alone may be sufficient to establish that an accident occurred provided that such testimony is ■supported by the surrounding facts and if there is nothing to discredit the employee’s account of the accident. A gradually worsening back condition is not an accident.
“The evidence in this case was that there were several employees close by plaintiff, but none saw the accident. Later, at the lunch break about 2:40 a. m., plaintiff told her fellow employees her back was hurting, but did not tell them about the accident or that she hurt her back on the job. She worked until the end of the shift at 7:00 a.m., still without telling anyone about the alleged accident, and then went home.
“Her supervisors, both Mr. Blackwell and Mr. Lehr, deny that plaintiff ever stated to them that she had had an accident or that her back condition was related to the job.
“Dr. Rambach stated that the history she gave on November 20, 1970, two days after the alleged accident, was that she gave no history of injury on the job, she couldn’t attribute her pain to any specific incident, and that she did not describe the bending over incident.
“The above facts and surrounding circumstances are insufficient to establish to a legal certainty that an accident occurred while plaintiff was at work.”
The trial judge has concisely and correctly stated the applicable law and no useful purpose would be served by elaboration. Counsel for appellant has filed an excellent brief and has ably presented a forceful oral argument to this court, but no law has been cited different from that set forth in the opinion of the lower court. We are urged to reverse the judgment on the basis of the holdings in:
Lum v. Employers Mut. Lia. Ins. Co. of Wis., 216 So.2d 889 (La.App.2d Cir. 1968); Jagneaux v. American Universal Insurance Co., 231 So.2d 601 (La.App.3d *876 Cir. 1970); Lum v. Tri-State Insurance Company, 252 So.2d 157 (La.App.2d Cir. 1971) writ refused; Prudhomme v. Camus Electric Company, 256 So.2d 364 (La.App.2d Cir. 1972), writ refused.
An examination of the cited cases reflects that, although they are based on the same law as stated herein, a contrary result was reached because of factual differences.
Being unable to find any error in the findings and conclusions of the lower court, the judgment is affirmed at appellant’s cost.