HEARD, Judge.
This is a workmen’s compensation suit wherein the plaintiff, William S. Maddox, born in 1900, seeks recovery of benefits for *686 total and permanent disability plus penalties and attorney’s fees. The trial court awarded benefits of $65.00 per week for 21 weeks, subject to a credit for benefits already paid, plus a $34.00 credit for a physician’s fee that was also paid by defendants. From this judgment, defendants appealed.
Made defendants are Frank G. Terral and his insurer, Southern Casualty Insurance Company.
Plaintiff injured his leg on July 13, 1975, while cutting paperwood. He was treated by Dr. Sirikul for a cellulite and an ulcer at the site of the wound on September 14, 1975. The wound was healed about December 8, 1975. Due to other illnesses unrelated to the accident, i.e., angina pectoris, arte-riosclerotic cardiovascular disease and coronary insufficiency, the plaintiff was unable to return to work.
The trial court determined that if the leg wound was plaintiff’s only problem, he would have been able to return to work. Therefore, plaintiff was not entitled to compensation for permanent disability.
Defendant contends that the trial court committed error in finding that the evidence presented was sufficient to show that plaintiff suffered an accident within the course and scope of his employment. Alternatively, defendant claims that the trial court erred in finding that the plaintiff was disabled after benefits were terminated, and in finding that plaintiff was entitled to $65.00 per week in benefits.
Where there is proof of an accident and of a following disability without intervening cause, it is presumed that the accident caused the disability. Thompson v. Natchitoches Parish Hospital Service District, 335 So.2d 81 (La.App. 3rd Cir. 1976). The testimony of an employee alone may establish a work related accident where such testimony is corroborated by surrounding circumstances and nothing discredits the employee’s account of the accident. Webert v. Associated Indemnity Corporation, 330 So.2d 331 (La.App. 2nd Cir. 1976). The trial court’s decision in this case rested on evaluation of plaintiff’s credibility, and since there is no finding of manifest error in this determination, his findings of fact will not be disturbed. Canter v. Koehring, 283 So.2d 716 (La.1973).
Defendant, secondly, argues that plaintiff was not disabled after termination of benefits, however, the doctor’s testimony showed that plaintiff was not able to return to work due to the leg injury for some 21 weeks. Therefore, the court was correct in awarding benefits for that length of time.
Defendants’ third argument is that the award of $65.00 per week is too high. Under LSA-R.S. 23:1021, if an employee is employed on a unit basis, his gross earnings from the employer for the 26 week period immediately preceding the accident, divided by the number of days the employee actually worked for the employer during the 26 week period and multiplied by four is the wage or average weekly wage at the time of the accident. Defendants claim that plaintiff did not introduce any past records, and so an average wage cannot be determined and compensation paid. However, defendants introduced a pay schedule for plaintiff, and plaintiff testified that he cut about three cords of wood per day. From this evidence plus testimony as to the custom of the industry, the trial court was able to determine a just compensation under the reasoning of this court in Burgess v. Southern Casualty Insurance Company, 203 So.2d 434 (La.App. 3rd Cir. 1967).
The trial court did not award penalties and attorney’s fees in this case because there existed a genuine dispute as to whether the disability was the result of the accident, or the plaintiff’s age. We fail to find any manifest error in the court’s finding.
For the reasons assigned, judgment of the trial court is affirmed. All costs of the appeal are assessed to defendants-appellants.
AFFIRMED.