HEARD, Judge.
Plaintiff, Lela Mae Maddox, instituted this suit to recover workmen’s compensation benefits for an inguinal hernia resulting from an injury suffered in the course and scope of her employment. Made defendants are Frank G. Terrall and his insurer, Southern Casualty Insurance Company. The trial court awarded benefits for twelve weeks disability, plus penalties and attorney’s fees. Defendants appealed.
Defendants contend that the trial court committed error in finding the evidence presented was sufficient to show that plaintiff suffered an accident within the course and scope of her employment. Alternatively, defendants claim that the trial court erred in finding that the plaintiff was disabled after benefits were terminated, and in finding that plaintiff was entitled to $65.00 per week in benefits. Finally, defendants claim that the trial court erred in awarding penalties and attorney’s fees.
Plaintiff, a 71-year-old, 95 pound woman, is a timber cutter. She testified that she was injured on July 22, 1975, when she was struck by the butt end of a short stick of pine timber being loaded into her truck. The blow caused an inguinal hernia that disabled plaintiff until it was surgically repaired and she recovered from the surgery. The operation was performed on July 30, 1975 and it was healed 12 weeks later, according to the testimony of Drs. Sirikul and Williams.
Where there is proof of an accident and of a following disability without intervening cause, it is presumed that the accident caused the disability. Thompson v. Natchitoches Parish Hospital Service District, 335 So.2d 81 (La.App. 3rd Cir. 1976). The testimony of an employee alone may establish a work related accident where such testimony is corroborated by surrounding circumstances and nothing discredits the employee’s account of the accident. Webert v. Associated Indemnity Corporation, 330 So.2d 331 (La.App. 2nd Cir. 1976). The trial court’s decision in this case rested on evaluation of plaintiff’s credibility, and since there is no finding of manifest error in this determination, his findings of fact will not be disturbed. Canter v. Koehring, 283 So.2d 716 (La.1973).
Defendant, secondly, argues that plaintiff was not disabled after termination of benefits, for three weeks. The doctors testified that the injury was healed and plaintiff was ready to return to work 12 weeks after the surgery was performed. Therefore, defendant’s second contention is without merit.
Defendant’s third argument is that the award of $65.00 per week is too high. Under LSA-R.S. 23:1021, if an employee is employed on a unit basis, his gross earnings from the employer for the 26 week period immediately preceding the accident, divided by the number of days the employee actually worked for the employer during the 26 week period and multiplied by four is the wage or average wage at the time of the accident. Defendants claim that plaintiff did not introduce any pay records, and so an average wage cannot be determined and compensation paid. However, defendants introduced a pay schedule for plaintiff, and plaintiff testified that she and her husband cut about three cords of wood per day. From this evidence, plus testimony as to the custom of the industry, the trial court was able to determine a just compensation under the reasoning of the court in Burgess v. Southern Casualty Insurance Company, 203 So.2d 434 (La.App. 3rd Cir. 1967).
Lastly, defendants argues that the court erred in awarding penalties and attorney’s fees because there was a genuine dispute as to whether the injury was work related.. Since the physician’s report reflects that the hernia was caused by plaintiff’s being hit with the end of a pine stick, in the course and scope of her employment, it would seem defendants were arbitrary in terminating benefits.
For the above assigned reasons, the judgment of the trial court is affirmed. All costs of the appeal are assessed to defendants-appellants.
AFFIRMED.