CUTRER, Judge.
This is a workmen’s compensation suit. Defendant, Kroger Company, Inc. (Kroger), appeals the judgment of the trial court awarding Roland Parker benefits for temporary total disability, medical expenses arising from the work related injury, penalties and attorney’s fees.
The issues on appeal are: (1) Whether Kroger proved its affirmative defense of intoxication; and (2) whether plaintiff is entitled to penalties and attorney’s fees.
THE QUESTION OF INTOXICATION OF PLAINTIFF
Roland Parker brought this suit against his former employer, Kroger, for workmen’s compensation benefits due to injuries received in an accident while driving a truck for Kroger. Kroger had refused payment after demand and defended the suit based on LSA-R.S. 23:1Q81, which provides, in part, as follows:

“No compensation shall be allowed for an injury caused ... (2) by the

injured employee’s intoxication at the time of the injury, .

“In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for the causes and reasons set forth in this Section, the burden of proof shall be upon the employer.”

Parker was employed by Kroger to drive an eighteen-wheel truck for Kroger stores in Lake Charles. He had been so employed for approximately 17 years. Parker left on a “run” on the afternoon of July 3, 1978 *459 and returned at approximately 6:00 A.M. the following day. He then went home and slept until noon. Parker stated that he arose around noon and began cooking for a barbeque at his home for friends and relatives. During the period from about 12:30 P.M. to approximately 4:00 P.M., Parker said he consumed from four to eight cans of beer. He stated that he consumed no more beer after about 4:00 P.M. because he realized he had to work that night.
At approximately 7:00 P.M., Parker reported to work. After reporting to work and making several telephone calls, Parker began his run to Houston, Texas to pick up a load of produce and then return to Lake Charles. He started the run at approximately 8:30 P.M.
Parker was proceeding west in an eighteen-wheel truck on the innermost lane of the three westbound lanes of Interstate 10. At about 8:45 P.M., immediately past the Maplewood-Sulphur exit, he ran through a barricade, collided with a State of Louisiana, Department of Transportation and Development (State) road repair truck, and then hit two other State vehicles before coming to a stop. According to Parker, the speed of his truck was 60 to 62 miles per hour. The barricade and other warning devices, including kerosene flares, flashing lights on the road repair truck, orange 18" cones, and signs indicating road work were set up to indicate road repair on the inside westbound lane of Interstate 10. The road repair was necessitated because of a buckle or blowout in the pavement which had occurred earlier in the afternoon. The road was dry and it was becoming dark. Parker was seriously injured, especially his left leg.
Exactly what caused Parker not to see the barricades is a matter of some dispute. At trial, Parker testified that just before the collision, he had momentarily taken his eyes off the road to replace the microphone of his citizen’s band radio which he was attempting to use. When he looked back it was too late to avoid the barricade. Parker had previously told an investigator for Kroger’s insurer that he may have dozed off or fallen asleep at the time of the accident.
Parker was taken to a hospital at 10:12 P.M. Pursuant to a request by State Trooper Jerry Lee Bowden, a blood sample was taken from Parker to test the blood alcohol level. The results showed that the level of alcohol in the blood was .104 percent. In its reasons for judgment, the trial court stated as follows:

“The defendant has failed to prove that the plaintiff was intoxicated. As proof' of intoxication, defendant relies upon plaintiff's admission of drinking four to eight beers from noon until four or five o’clock the afternoon of the accident; the blood alcohol study made by Dr. Cook later that evening, whereby the blood alcohol content was determined to be 104 milligrams per cent; the statement of the plaintiff, Tm afraid that’s exactly what happened’ in response to the question of defendant's investigator, ‘Then, had you dozed off, fell asleep, or what had happened?’; testimony of witnesses that they smelled alcohol on plaintiff’s breath after the accident; testimony that a beer can was found in the truck cab after the accident; the facts of the accident itself, in which plaintiff went past warning signs through a barricade.

“The court heard no testimony, expert or otherwise, concerning the effect the consumption of four to eight beers over a period of four to five hours has on an individual; and, in particular, the likely effect on this individual. There was no evidence or description of plaintiff’s manner of walking, speech, appearance, etc. prior to or after the accident which would indicate intoxication.

“The fact that the blood alcohol study resulted in a finding of 104 milligrams per cent is of no significance. The presumption created by[LSA-]R.S. 32:662

[2]

 
*460
cannot be considered because that section specifically states that it has no application to a civil action. And, there was no expert testimony as to the meaning of the test results except only to the extent that Dr. Cook testified, ‘I would say, in my opinion, that 104 milligrams per cent, anyone would have some effect on them

“In short, the items relied upon by defendant, either singularly or collectively, to prove intoxication, failed to do so. Defendant has proven negligence but not intoxication. Defendant having failed to prove intoxication, it goes without saying that it has failed to prove that intoxication was the proximate cause of the accident.”

We have carefully examined the record and find, not only does the record support the trial judge but we fully agree with his findings that defendant has failed to prove that Parker was intoxicated at the time of the accident.
PENALTIES AND ATTORNEY’S FEES
We next proceed to the question of whether penalties and attorney’s fees should be awarded.
The defendant’s reason for denying compensation in this case was that Parker’s intoxication was the cause of the accident and injury. The defendant contends that a serious question of fact existed which justified their refusal to pay compensation, citing Thompson v. Natchitoches Parish Hospt. Ser. Dist., 335 So.2d 81 (La.App. 3rd Cir. 1976), writs den., 338 So.2d 298 (La. 1976); Guillory v. Travelers Insurance Company, 294 So.2d 215 (La.1974).[3]
The trial judge, in his oral reasons for denying defendant’s motion for a new trial, pointed out that:

"Based upon the jurisprudence and the wording of the statute and the facts that they [defendant] had available to them, their action was extremely capricious and arbitrary in refusing to pay compensation. ”

The trial judge further pointed out that Kroger was relying on a presumption that a .104 percent blood alcohol reading would render Parker intoxicated. The court correctly stated that such presumption does not apply to civil cases.
Defendant’s adjuster, Huey Littleton, who investigated the accident, testified that, after his initial investigation, he felt that it was:
. . questionable as to whether or not Parker would be qualified to receive compensation. There was a question as to whether or not he was intoxicated and whether or not if in fact he was intoxicated if the current jurisprudence would justify him being compensated. ”
He stated that he “called the grey area to their [Kroger’s] attention for guidance." This information was given to Fred Thompson who is employed by, and has charge of claims against, Kroger. Thompson asked Littleton for further information. Little-ton stated that he had obtained the blood alcohol report which showed a .104 percent. Littleton relied on the presumption that a reading of as little as .10 percent establishes intoxication. In speaking of his understanding of the affect of the report, he testified as follows:

“It is our understanding that that report did show that he was inebriated at the time the test was conducted.”

The adjuster erroneously relied on the presumption of LSA-R.S. 32:662.
The information available to Kroger did not justify a refusal to pay the workmen’s compensation claim. The trial of the suit failed to present any serious factual dispute as to the intoxication question. For those reasons, we conclude that the' trial court correctly awarded penalties and attorney’s fees.
For the above reasons, the judgment of the trial court is affirmed at defendant-appellant’s costs.
AFFIRMED.

2. LSA-R.S. 32:662(A)(l)(c) provides:
“c. If there was at that time 0.10 per cent or more by weight of alcohol in the person’s blood, it shall be presumed that the person was under the influence of alcoholic beverages .
“This section has no application to a civil action or proceeding.” (Footnote ours)

. These cases are cited for the well settled rule that employers are not to be penalized for taking their case to court for judicial resolution of a close factual question.