STOKER, Judge.
Plaintiff, Randy Fagan, appeals from a judgment of the trial court dismissing his claim for workers’ compensation benefits from his employer, Delta Steel & Construe *1144 tion Company (Delta Steel), and its workers’ compensation insurer, Aetna Life & Casualty Company (Aetna). On appeal Fa-gan seeks benefits for total and permanent disability, medical expenses, and penalties and attorney’s fees. For reasons set out below, we reverse the judgment of the trial court and award benefits for total and permanent disability and medical expenses, but we deny plaintiffs claim for penalties and attorney’s fees.
ISSUES
Defendants agree that plaintiff is disabled but contend that he became disabled in a prior employment. Plaintiff agrees that he was hurt in prior employment but contends that he became disabled subsequently in the employ of Delta Steel. The issue in this case is whether an accident (as the term is construed within the context of our workers’ compensation law) occurred while plaintiff was employed by Delta Steel and which aggravated plaintiffs condition so as to disable him.
FACTS
The dismissal of Mr. Fagan’s claim against Delta Steel was based on a finding of the trial court that his disability resulted solely from an accident which occurred on January 9, 1981, while he was employed by J.A. Jones Construction Company. Mr. Fa-gan suffered injuries to his head and back on that date when he was struck by a 300-pound gate. He was hospitalized from January 13 to January 30, 1981, and was ultimately released to return to work on March 1 of that same year. He did not in fact return to work for J.A. Jones at that time because he was laid off due to a lack of work. Even though Mr. Fagan had been released to return to work, he continued to take painkillers and muscle relaxers as prescribed.
Mr. Fagan remained unemployed until he went to work for Delta Steel on August 21, 1981. He testified that he had continued to suffer low back pain which increased after he returned to work. He also testified that he began having what he described as a catch in his neck. On October 28, 1981, while reaching for a brick in a bucket of water, Mr. Fagan experienced pain in his right hand and arm. He reported this occurrence to his boss, Mr. Charles Stanford, who, as a matter of company policy, gave him a letter of introduction authorizing medical treatment. The letter was not directed to any particular doctor.
Apparently Mr. Fagan did not seek treatment for the injury of October 28, 1981 until November 10, at which time he saw a neurologist in Houston, Texas. Mr. Fagan testified that he continued to take the medication available to him from his January injury before seeking further help. Extensive tests were conducted in Houston and it was determined that Mr. Fagan had some nerve root irritation. From November 18 to December 9, Mr. Fagan was treated through outpatient therapy as recommended, and further hospitalization for diagnosis and treatment has been recommended.
As a result of Aetna’s refusal to pay benefits or medical expenses on behalf of Delta Steel, Mr. Fagan filed suit.
SOURCE OF DISABILITY
The trial court found that plaintiff was suffering from a debilitating condition, but found that the condition resulted solely from the accident which occurred January 9, 1981, when Mr. Fagan was working for J.A. Jones. We agree with the finding of disability, but find that Mr. Fagan’s condition was aggravated by his employment with Delta Steel. Thus, he is entitled to workers’ compensation benefits from Aet-na as Delta Steel’s insurer. In their brief on appeal, defendants do not argue that Mr. Fagan is not disabled, but urge only that the trial court was correct in determining that the disability resulted from the January accident.
At trial, Mr. Fagan testified that his lower back pain from the January accident began to increase when he went to work for Delta Steel and he also began having neck pain. The medical reports and deposi *1145 tions in evidence corroborate this testimony. The reports of Dr. Passman, who treated Mr. Fagan after his January accident, show continuing low back pain, and the report of Dr. Davidson dated October 19,1981, shows that he was complaining of the neck problem after his employment with Delta Steel.
We find that there is sufficient evidence in the record proving that an accident occurred on October 28, 1981. At least there was an event which must be considered as an accident under the broadened interpretation which has been jurisprudentially given to the term accident within the context of the Workers’ Compensation law of this State. See Malone and Johnson, Louisiana Law Treatise, Workers’ Compensation (Vol. 13), Sections 214 and 215. In written reasons for judgment the trial court stated:
“Plaintiff seeks Workmen’s Compensation benefits on the basis of an alleged work related injury on October 28, 1981. “Although the Court appreciates the fact that plaintiff is suffering from a debilitating condition, even under the most liberal application of the Workmen’s Compensation Law, he has simply failed to prove, by a preponderance (sic) of the evidence, that he is disabled from a work related injury on or about October 28, 1981.
“The Court is lead to the abiding conclusion that plaintiff’s condition is attributable to the accident he incurred on January 9, 1981, while employed with J.A. Jones Construction Company, which is not a party to this suit.
“Therefore, plaintiff’s demands are rejected at his costs.”
It is apparently conceded that what happened to plaintiff on October 28, 1981 was causally related to the accident which occurred on January 9, 1981. As held by our Supreme Court in Ferguson v. HDE, Inc., 270 So.2d 867 (La.1972) we do not focus on accident cause but rather on accident result. It appears to us that the trial court focused on the cause, rather than the result.
Mr. Fagan’s testimony is that while reaching for a brick he suffered a sharp pain in his right hand which radiated up into his arm and neck. He immediately reported this event to his supervisor, Mr. Stanford, who gave him a letter authorizing medical treatment. Mr. Stanford and another company employee remember the event, but apparently believed that the consequences were not serious. Both testified that Mr. Fagan could straighten out his hand, although he claimed to be unable to do so.
The uncontradicted testimony of the plaintiff as to the occurrence of an accident should be accepted as true. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979). Here the only contradictory evidence as to Mr. Fagan’s accident concerns whether or not he could straighten out his hand. There is no apparent reason to believe that Mr. Fagan lacks credibility. He immediately reported the accident and was seen by a co-worker to be holding his hand by the wrist.
We also note that when injury is the result of the performance of usual and customary duties, an accident in terms of workers’ compensation has occurred. Ferguson v. HDE, Inc., supra, and Bertrand v. Coal Operators Cas. Co., 253 La. 1115, 221 So.2d 816 (La.1969).
Defendants point out that Mr. Fa-gan’s present problems are expectable complications of his January injury. Even if that be the case, Mr. Fagan is still entitled to benefits. It is well established that a disability is compensable if a work-related accident aggravates or accelerates a pre-ex-isting condition to cause disability. Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973); and Cadiere v. West Gibson Products Company, 364 So.2d 998 (La.1978). As recently stated by the Louisiana Supreme Court in Hammond v. Fidelity & Casualty Company of New York, 419 So.2d 829 (La.1982):
“The fact that a condition is preexisting does not preclude recovery for the disabled employee; the employer takes the *1146 employee as he is, and the fact that the disease alone might have disabled the employee in its ordinary course of progress is not the inquiry. The employee’s disability is compensable if a preexisting disease or condition is activated or precipitated into disabling manifestations as a result of a work accident.”
Dr. John McCutchen, a neurologist in Houston, Texas, determined that Mr. Pagan has nerve root irritation and he recommends further hospitalization for a myelo-gram, a discogram, and a possible lumbar laminectomy. His reports document Mr. Pagan’s new complaints of pain in his hand and arm. Dí\ I.C. Turnley, a general practitioner, who saw Mr. Pagan on May 28, 1982 and August 3, 1982, agrees that a myelogram is indicated.
Considering the above facts and expressions of law, we find that Mr. Fagan is totally and permanently disabled, that such disability resulted from an aggravation or acceleration of his prior condition, and that the disability occurred as a result of a work-related accident while he was employed at Delta Steel.
PENALTIES AND ATTORNEY’S PEES
Plaintiff seeks penalties and attorney’s fees under LSA-R.S. 23:1201.2 on the basis that defendants’ refusal to pay benefits and medical expenses was arbitrary and capricious and without probable cause. We do not find that this was the case. In view of the seriousness of Mr. Pagan’s prior accident and the absence of an event of significant violence in connection with his accident while at Delta Steel, we find that an award of penalties and attorney’s fees is not appropriate in this case. The question of the source of Mr. Fagan’s disability is a substantial one and the defendants should not be penalized for seeking judicial resolution of this close factual question. Thompson v. Natchitoches Parish Hospital Service District, 335 So.2d 81 (La.App. 3rd Cir.1976), writ denied 338 So.2d 298 (La.1976).
BENEFITS
As a result of being totally and permanently disabled, Mr. Pagan is entitled to weekly compensation of 66% per centum of wages. His wages are determined under LSA-R.S. 23:1021(7) as it provided prior to July 1, 1983. Under that provision Mr. Pagan’s wages are determined by multiplying his hourly wage rate times the average actual hours worked in the four full weeks preceding his disabling injury on October 28, 1981. His maximum compensation rate is $183.
The evidence indicates that Mr. Fagan was paid $4 per hour for the first forty hours per week and $6 for every hour after that. In response to questions by plaintiff’s counsel, Mr. Stanford testified that for the four full weeks prior to Mr. Fagan’s injury he worked twenty hours, fifty-five and one-half hours, forty-one and one-half hours, and forty-nine and one-half hours, for an average of forty-one and 625/1000 hours. Thus, Mr. Fagan’s average weekly wage at a rate of $4 for the first forty hours and $6 for each hour after that is $169.75. His rate of compensation is 66% percent of that amount or $113.17.
On "appeal, plaintiff requests payment of the following medical expenses:
Medical Service Laboratories - 11/10/81 $ 178.00 (Services by Dr. McCutchen)
Catahoula Parish Hospital 645.00 (Physical Therapy 11/18/81 - 12/9/81)
Jena Pharmacy 17.07 (Medication on 5/28/82)
Jena Pharmacy 22.02 (Medication on 8/3/82)
Houston Internationa] Clinic 3,042.06 (Services by Dr. McCutchen)
Dr. Turnley - 8/3/82 15,00
$3,919.15
We find that there was sufficient evidence presented at trial to show that these expenses are reasonably related to Mr. Fagan’s injury on October 28, 1981, and he is entitled to payment for them. We do note, however, that at trial Mr. Pagan’s attorney stated that the bill from the Houston International Clinic should be reduced by $100 charged for medical reports, and we will accordingly reduce the award by that amount.
*1147 DECREE
For the above reasons, judgment in favor of defendants dismissing plaintiff’s suit is reversed.
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Randy K. Fagan, and against defendants for weekly benefits for total and permanent disability in the amount of $113.13 per week during the period of such disability, with legal interest on each weekly installment from due date until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Randy K. Fagan, and against defendants for medical expenses in the amount of $3,819.15, with legal interest thereon from date of judicial demand until paid.
Costs at trial and on appeal are assessed to defendants.
REVERSED AND RENDERED.