STOKER, Judge.
Defendants, Joan of Arc Company and its worker’s compensation insurer, American Motorists Insurance Company, appeal from a judgment of the trial court declaring the plaintiff, Margie Batiste, to be totally and permanently disabled and awarding her worker’s compensation benefits in the amount of $92 per week for the period of her disability, medical expenses, and medical travel expenses. Plaintiff answers the appeal asking that the trial court’s denial of penalties and attorney’s fees be reversed. We affirm.[1]
At trial the parties stipulated to the following facts:
“1.
“That Margie Batiste was an employee of Joan of Arc Company on October 28, 1982.
“2.
That Joan of Arc Company had a policy of workmen’s compensation insurance in effect covering Joan of Arc Company for all workmen’s claims which occurred on October 28, 1982.
“3.
That Margie Batiste did, in fact, sustain an injury to her right arm on the job on October 28, 1982.
“4.
That as a result of the injury referred to above, Margie Batiste received medical treatment in connection therewith.
“5.
That Margie Batiste’s average weekly wage was $138.00 and she was paid workmen’s compensation benefits from the date of the incident until her release to return to work by Dr. Kalifey on November 8, 1982.
“6.
That all medical bills of Dr. Kalifey, Dr. McCann, Dr. Naalbandian and Dr. Banks have been paid, but the medical bills of Dr. Abramson, Dr. Garcia-Oller and Dr. Pisarello have not been paid.”
Mrs. Batiste was injured while she was working as a potato trimmer for Joan of Arc. A co-worker, Mary Augustine, accidentally stabbed her in the elbow with a knife used for trimming potatoes. The supervisor, Brunette Bordelon, placed a bandage on the cut, and Mrs. Batiste attempted to return to work. Initially the cut appeared to be of no great consequence, but according to Mrs. Batiste her attempts to use her right hand after sustaining the injury were unsuccessful. She again complained to Mrs. Bordelon who sent her to see the personnel manager, Leo Rogers. Mr. Rogers replaced the bandage, and Mrs. Batiste again attempted to return to work.
After further complaints by Mrs. Batiste, Mr. Rogers sent her to see the company doctor, Dr. Edmond Kalifey. Dr. Kalifey gave Mrs. Batiste a tetanus shot, placed *625 three sutures in the wound, and gave her medication for pain. Mrs. Batiste testified that she attempted to return to work the next two days but was unable to use her right hand. On November 8, 1982, Dr. Kalifey removed the sutures and released Mrs. Batiste for work. He did note that she complained of pain in her arm, hand and shoulder, but he did not believe that the nature of the wound indicated that there should be any nerve damage.
Since the injury, Mrs. Batiste has continually complained of increasing pain in her arm, hand, shoulder and neck. She has seen a number of doctors, some of whom could find no abnormalities. Her primary evidence of disability presented at trial consists of the depositions of Dr. Jose Garcia Oiler and Dr. Carlos Pisarello, both neurosurgeons practicing in New Orleans, Louisiana. According to these doctors, Mrs. Batiste has suffered an ulnar nerve injury, and is totally disabled. Certain procedures have been recommended to correct her condition.
Defendants argue on appeal that the trial court committed manifest error in accepting the testimony of the plaintiff and that of the two neurosurgeons. In our review of the trial court findings in this matter we are guided by the standards of review set out by the Louisiana Supreme Court in Crump v. Hartford Accident & Indemnity Company, 367 So.2d 300 (La. 1979). In Crump, the court set out the following standards for review:
“On appellate review, the trial court’s factual findings of work-connected disability are entitled to great weight. They should not be disturbed where there is evidence before the trier of fact which, upon the latter’s reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s findings, unless clearly wrong. The reviewing court should not disturb reasonable evaluations of credibility and reasonable inferences of fact by the trial court, even though the reviewing court is of the opinion that other evaluations and inferences are as reasonable.”
Mrs. Batiste is a 44-year-old divorced mother of six children, five of whom are living at home. She completed only the sixth grade, and her only other employment other than at Joan of Arc has been as a housekeeper. There appears to be no dispute that if Mrs. Batiste has suffered the nerve injury described by Drs. Garcia Oiler and Pisarello, she is disabled.
Defendants argue on appeal that Mrs. Batiste has fabricated her symptoms and complaints of pain to support her claim for disability. Defendants point out that a brother of Mrs. Batiste has suffered a similar ulnar nerve injury, and the same treatment which has been recommended for Mrs. Batiste was recommended for her brother. Defendants also point out conflicts in testimony between that of Mrs. Batiste and that of Mrs. Augustine and Mrs. Bordelon. The conflicts concern the exact circumstances of the accident, the amount of bleeding resulting from the wound, and Mrs. Batiste’s ability to work immediately after the accident. Defendants also argue that Mrs. Batiste was inconsistent in her own testimony as to her ability to work immediately after the accident. We disagree.
Mrs. Batiste’s testimony in her deposition and at trial appears to us to be consistent even though it is not well articulated. Mrs. Batiste makes it clear that she attempted several times to continue to work either by continuing to cut potatoes with her right hand or holding the potato with her right hand and trying to use her left hand to cut. She makes it clear that she was unable to continue cutting potatoes at the assembly line pace. Mrs. Batiste’s testimony as to her inability to use her right arm after the injury is corroborated by two of her children, ages 16 and 17, and her sister. It is apparent that the trial court’s findings were based in large part on its credibility evaluation of the lay witnesses. These evaluations do not appear to us to be unreasonable, and we do not feel that we may substitute our judgment of credibility for that of the trial court.
*626 Defendants also argue that the trial court erred in its evaluation of the extensive medical evidence. We will briefly review that medical evidence.
As previously stated, Mrs. Batiste was initially examined by Dr. Edmond Kalifey, a general practitioner in Marksville, Louisiana. Dr. Kalifey was of the opinion that the wound was not serious and, despite Mrs. Batiste’s complaints, he did not believe that she had suffered any nerve damage. Dr. Kalifey testified that he did not recall if she complained of pain while moving her hand.
Dr. Bryan McCann, Mrs. Batiste’s family doctor in Marksville, examined her on November 11 and December 15, 1982. He found no abnormalities and indicated that Mrs. Batiste was probably suffering from bursitis. Dr. McCann saw Mrs. Batiste again on January 19, 1983, at which time she was complaining of pain and tenderness. At that time Dr. McCann referred her to Dr. T.E. Banks, an orthopedic surgeon in Alexandria, Louisiana, and Dr. McCann stated that he considered her fully disabled at this time. Dr. Banks saw Mrs. Batiste on January 31 and June 29, 1983. It was his opinion that Mrs. Batiste was not giving him a true response, and he testified that she was very uncooperative during the examination in that she did not want to move her hand and arm. On November 19, 1982, Mrs. Batiste was examined by Dr. Arsham Naalbandian, a neurologist in Alexandria. Dr. Naalbandian found no objective abnormalities. He also testified that the results of electromyo-graphic and nerve conduction studies administered on December 28, 1982 were normal. Dr. Naalbandian did indicate that unless the nerve is totally damaged or cut, muscular weakness develops over an undetermined amount of time.
Mrs. Batiste was also seen by Dr. S.R. Abramson, a general practitioner in Marks-ville, on April 12, 1983, and he was unable to match her subjective symptoms with his objective findings. He referred her to Dr. Garcia Oiler in New Orleans.
Dr. Garcia Oiler testified that Mrs. Batiste was at first reluctant to move her arm for the examination due to pain; however, after encouragement and assurance that the movement was necessary for a complete examination she was cooperative. Objective findings by Dr. Garcia Oiler include partial sensory loss, increased sweating, and weakness of the fifth finger of Mrs. Batiste’s right arm. It is this doctor’s opinion that Mrs. Batiste has suffered an incomplete laceration of the ulnar nerve in her right elbow which is causing her prolonged pain and present disability. The pain caused by nerve injury is termed caus-algia. This pain was described by Dr. Garcia Oiler as “a burning pain that is disabling because any movement of the extremity, of the entire arm, brings on this pain.” This description fits the pain consistently complained of by Mrs. Batiste.
Dr. Garcia Oiler recommends that Mrs. Batiste be treated by a sympathetic nerve block, a procedure in which anesthesia is injected around the nerve. This procedure would give temporary relief of pain. This sympathetic nerve block may be followed by a surgical procedure called a sympathec-tomy. This procedure involves surgical excision of a portion of the sympathetic nerves. This procedure should provide permanent relief from pain. Dr. Garcia Oi-ler’s findings and recommendations were completely concurred in by Dr. Pisarello.
As with the lay testimony, we do not find that we may substitute our evaluation of the medical testimony.for that of the trier of fact. The trial court was not clearly wrong in its finding of disability.
We also find that the trial court correctly refused to award plaintiff penalties and attorney’s fees. We agree that the defendants were not arbitrary and capricious in refusing to pay worker’s compensation benefits. This case presented a close factual question, and defendants should not be penalized for seeking a judicial resolution of the issue. Thompson v. Natchitoches Parish Hospital Service District, 335 So.2d 81 (La.App. 3rd Cir.1976), writ denied, 338 So.2d 298 (La.1976).
*627 For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendants-appellants.
AFFIRMED.

. In her initial petition, plaintiff incorrectly named Kemper Insurance Companies as the worker's compensation insurer. American Motorists Insurance Company answered the suit and has proceeded as a defendant.